## STIMPSON v. GILCHRIST.

Where the plaintiff, in an action of the case for not transporting certain goods, declared that he loaded the goods upon the defendant's vessel, to be transported to a certain port and there delivered to a third person for a stipulated freight, to be paid by the receiver ; the declaration was held well after verdict, though it contained no averment who was the owner of the goods, nor that a reasonable time for the transportation had elapsed after the lading of the goods.

The objection that such action should have been brought by the consignee and not by the consignor, cannot arise after verdict.

After a verdict every promise in the declaration is to be taken as an express promise.

THIS was an action of the case, in which the plaintiff declared that he, on the 21st day of *June* 1815, at *Thomaston,* loaded in and upon the schooner *Fanny,* whereof the defendant was master, five tierces and one half barrel of *manganese,* of a certain weight and value, in good order and well conditioned, from

Stimpson *v.* Gilchrist.

thence to be transported by the defendant and to be delivered in like good order and well conditioned, (the dangers of the seas only excepted,) at *Boston* unto *David Stanwood* or his assigns;—eleven dollars, freight for said *manganese,* to be paid by said *Stanwood* to the defendant, with primage and average accustomed;—and that the defendant in consideration of the premises, promised the plaintiff that he would transport said *manganese* in said vessel from *Thomaston* to *Boston,* and well and faithfully deliver the same to said *Stanwood* or his assigns, in like good order and well conditioned, the dangers of the seas only excepted: and the plaintiff averred that although the schooner with the *manganese* on board sailed from *Thomaston,* and the dangers of the seas did not prevent the defendant from proceeding in the vessel to *Boston,* yet the defendant, contriving to injure and defraud the plaintiff, did not transport the same *manganese* to *Boston,* and there deliver the same to the consignee or his assigns.

The defendant pleaded the general issue; and the plaintiff obtaining a verdict, the defendant moved, in arrest of judgment,

1. " That by law the said action is not maintainable by the " plaintiff; but the action on the said bill of lading, if any can " be maintained, should and ought to be brought by *David Stan-* " *wood,* the consignee named in the bill of lading mentioned in " the declaration."

2. " That no cause of action is set forth in the declaration."

This motion was argued at the last term in this county by *Orr,* for the plaintiff, and *Longfellow* and *Bailey,* for the defendant, and was continued for advisement, to the present term.

*For the motion.*

*Bailey.* The action should have been brought by the consignee. It appears by the declaration that he was liable to pay the freight, which is a sufficient indication of his ownership. It may also be well presumed that the bill of lading was duly indorsed and forwarded to *Boston* according to the usage of merchants in similar cases. And in either view the property was vested in the consignee. If he could maintain the action, then the remedy pursued in the name of the consignor is misconceived. *Evans v. Martlett,* 1 *Ld. Raym.* 271. *Abbot on Ship-*

*ping* 416. *Dawes v. Peck,* 8 *D. & E.* 330. 1 *East* 4. *Barrett v. Rogers,* 7 *Mass.* 297.

*Against the motion.*

*Orr.* As to the objection that the declaration shews no cause of action, in other words, that there is no allegation or proof of property in the plaintiff; that was a matter of fact, which the jury have already settled by their verdict. Without such ownership, proved to the satisfaction of the jury, the plaintiff could not have had a verdict. It is true that the possession of the bill of lading is evidence of property in the consignee; but it is only *primâ facie* evidence;—not conclusive; and in this stage of the cause it is to be presumed that this evidence was successfully rebutted.

As the consignee, therefore, does not appear to have been a *purchaser* of the goods, he is to be treated as a mere factor of the plaintiff, in whom no property could vest without actual possession; and having neither property nor possession, he could maintain no suit respecting the goods. The shipper, and he alone, has the right to stop *in transitu,* except where the factor may have assigned the bill of lading to an innocent purchaser. In all other cases he may follow the goods into the hands of any person, even to the assignees of the factor, if he become bankrupt. *Lickbarrow v. Mason,* 2 *D. & E.* 63. *Abbot on Shipping,* [371.] 420. *Ellis v. Turner,* 8 *D. & E.* 531. 2 *Wheat. app.* xxxiii.

The case of a shipper of goods differs in nothing from that of a carrier of goods in any other vehicle. *Buffinton v. Gerrish,* 15 *Mass.* 156. The true question in both cases, as to the right to stop *in transitu* is, whether the goods were paid for or not. He who *owns* and consigns, has this right;—he who *sells* and consigns, has not. *Wright v. Campbell,* 4 *Burr.* 2050. *Feise v. Ray,* 3 *East* 93. *Moore v. Wilson,* 1 *D. & E.* 659. *Davis & al. v. James,* 5 *Burr.* 2680. *Laclouch v. Towle,* 3 *Esp.* 115.

If therefore the plaintiff was, as the case finds him to be, owner and consignor of the goods, he alone could sue for not transporting them, the ship-master being *his* servant.

*Longfellow,* in reply.

A verdict finds the facts alleged in the declaration, and nothing more: and in this case it finds nothing as to the title of the plaintiff, because no such title is alleged in the de-

claration. If any thing is to be inferred from it, it would shew property in *Stanwood,* the goods being consigned to him, " or his order or assigns." If the plaintiff ever had any interest in the goods, he parted with it on the execution and indorsement of the bill of lading. Where this instrument is general, the legal presumption is that the property is in the consignee. A delivery of the bill to him passes the property ; and such delivery, it is to be presumed, was made. The transaction being commenced regularly, the law will presume that it was completed according to the custom of merchants,—that the bill was transmitted and received according to the course of trade;—and if legal presumptions may be taken as facts, the consignee, and he alone, is entitled to maintain this action.

But whether the property was vested in the consignee or not, plaintiff cannot recover in this suit, his writ being materially defective in not setting forth any cause of action. The *gravamen* is, that the defendant did not deliver the goods in *Boston,* as he had stipulated to do. But the obligation to deliver, depended, by the terms of the contract, on the payment of the freight by the consignee ; and this payment, or a tender of it, should have been alleged in the declaration. The verdict only finds that the defendant did not perform an act, which it does not appear that he was bound to perform.

The action having stood over to this term for advisement the opinion of the Court was now delivered as follows, by

PREBLE J. The objection to the sufficiency of the declaration, that it is *not* averred that *the plaintiff was owner of the manganese,* cannot in *this form of action* avail the defendant. Suppose the property to have been that of *Stanwood* for instance, or of any other person, *Stimpson* might well make a contract with *Gilchrist* to transport it to *Boston* or elsewhere, and it would not be competent for *Gilchrist,* when called upon for not fulfilling his contract, to set up by way of defence, the fact merely that *Stimpson* was not the owner. *Anonymous, cited in Laclouch v. Towle,* 3 *Esp.* 115. *Moore v. Wilson,* 1 *D. & E.* 659. *Joseph v. Knox,* 3 *Campb.* 321. If there were no special agreement, no express contract, entered into by *Gilchrist* with *Stimpson,* but the question with whom the carrier contracted, whether with

the consignor or consignee, were left to be determined by the general principles of law applicable to such cases; the fact to whom the property belonged, had, as a matter of evidence, a most material bearing upon the issue. *Dawes v. Peck* cited in argument. *Dutton v. Solomonson*, 3 *B. & P.* 581. *Brown v. Hodgson*, 2 *Campb.* 36. *Lickbarrow v. Mason*, 6 *East* 23. *note. Potter v. Lansing*, 1 *Johns.* 215. *Christy v. Row*, 1 *Taunt.* 300. *Sargent v. Morris*, 3 *Barn. & Ald.* 277. But that question, though it may have arisen in the progress of the cause, is not now before us. On a motion in arrest of judgment no question can be considered excepting such as appears on the face of the record itself. In the case at bar the declaration expressly alleges the contract to have been with the consignor. There is no mention of a bill of lading, as supposed in the defendant's motion. We have no knowledge, nor can we have any, of the nature of the evidence adduced on the trial. If *Gilchrist* intended to rely on the objection that his contract, if express, was with *Stanwood*, and not with the plaintiff; or, in case there was no express promise, that his implied contract was by intendment of law with the consignee and not with the consignor; he should have objected at the trial that the evidence did not support the declaration. No such objection appears to have been made. Now *after verdict* every *promise* is taken to be an *express one;* 1 *Cranch* 341. per MARSHALL C. J. and no *assumpsit* can be presumed to have been proved on the trial but that, which is alleged in the declaration. *Spiers v. Parker*, 1 *D. & E.* 141. And every fact necessary to be proved at the trial in order to support the declaration must be taken to have been proved, per KENYON C. J. *Mackmurdo v. Smith*, 7 *D. & E.* 522. We cannot therefore now presume that the engagement on the part of the defendant was merely an implied one arising out of the nature of the transaction, or that there was any other contract in relation to the subject matter than the one which the declaration discloses.

On looking into the declaration we find set out with sufficient certainty a contract, entered into by the defendant with the plaintiff to transport to *Boston* certain *manganese*, laden by the plaintiff on board the *Fanny*, of which the defendant was master, and there to deliver the same to one *Stanwood* on payment

of an agreed freight. It is not objected that the consideration set out is not a valuable and sufficient one. The plaintiff then alleges in terms as broad as the contract set out that the defendant did neglect to *transport* and deliver the *manganese*, in violation of his contract. The defendant was entitled to a reasonable time, in which to perform his contract. *Lorillard v. Palmer*, 15 *Johns*. 14. But although this is not noticed in the declaration, yet it must be presumed it appeared at the trial that a reasonable time had elapsed before the suit was brought, and that whatever else was necessary to be done on the part of the plaintiff, had been done; otherwise the plaintiff could not have obtained a verdict. All such defects are cured by the verdict. 1 *Saund*. 288. *note* 1. *by Williams*. It appears to us therefore that there is a sufficient cause of action set forth in the declaration. The motion in arrest of judgment is accordingly overruled.

*Judgment on the verdict.*

*Note.* The Chief Justice, having formerly been of counsel in the cause, gave no opinion.